Howard S. Koh (HK 4730)
MEISTER SEELIG & FEIN LLP
2 Grand Central Tower
140 East 45th Street
New York, New York 10017
(212) 655-3500
Attorneys for 151-45 Sixth Road Whitestone Partners LLC,
Bayrock Group, L.L.C., and GMUL Investment Company Ltd.

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JAN 2 2 2010 ★

BROOKLYN OFFICE

**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

CAPMARK FINANCE INC.,

Plaintiff-Counterclaim Defendant,

-against-

151-45 SIXTH ROAD WHITESTONE PARTNERS
LLC, a Delaware limited liability company, TEVFIK
ARIF, an individual, BAYROCK GROUP, L.L.C., a
New York limited liability company, GMUL
INVESTMENT COMPANY LTD., an Israeli registered
company, AKRF ENGINEERING, P.C., a New York
professional corporation, AKRF, INC. a New York
corporation, NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE and JOHN DOES 1-10,
the last ten names being fictitious and unknown to
plaintiff, the persons or parties intended being the
tenants, occupants, persons or corporations, if any,
having or claiming an interest in or lien upon the
premises described in the complaint,

Defendants-Counterclaimants.

---------------------------------------------------------X

CV10- 0277

___CV_____

**NOTICE OF REMOVAL**

COGAN, J.

**TO:  THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
      THE DISTRICT OF DELAWARE**

Defendants 151-45 Sixth Road Whitestone Partners LLC, Bayrock Group, L.L.C., and

GMUL Investment Company Ltd. (collectively the "Defendants"), by its attorneys, Meister

Seelig & Fein LLP, hereby files this Notice of Removal with this Court for removal of the above-

1

described action from the Supreme Court of the State of New York, County of New York,

bearing Index No. 17605/09 (the "State Court Action"), to this Court pursuant to 28 U.S.C.

§1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure.

On October 25, 2009, Capmark Finance, Inc. commenced a voluntary Chapter 11 Bankruptcy

Proceeding in the United States Bankruptcy Court for the District of Delaware entitled, In re

Capmark Finance, Inc., Case No. 09-13689-CSS, which is being jointly administered with In re

Capmark Financial Group Inc., Case No. 13684-CSS (the "Bankruptcy Case"). The State Court

Action asserts claims against Defendants which arise in, relate to and are implicitly intertwined with

the Bankruptcy Case pursuant to 28 U.S.C. §1334(b) and (e). Upon removal of the State Court

action to this Court, Defendants intend to seek an order transferring this case to the United States

District Court for the District of Delaware, pursuant to 28 U.S.C. §1412.

This Notice of Removal is based upon the following grounds:

### Jurisdiction and Venue

1.      This Court has jurisdiction pursuant 28 U.S.C. §§157 and 1334.

2.      Venue is proper in this Court.

3.      Jurisdiction of this matter is proper in this Court. However, pursuant to 28 U.S.C.

§1334(b) and (e) the matter should be venued before the United States Bankruptcy Court for the

District of Delaware. The claims asserted in the State Court Action constitute a "non-core"

proceeding within the meaning of 28 U.S.C. §157(c). The State Court Action asserts claims and

counterclaims arising out of a dispute between Capmark Finance, Inc. and the Defendants regarding

an action to foreclose on a mortgage. Accordingly, the State Court Action asserts counter claims

against Capmark Finance, Inc. which arise in, relate to and are implicitly intertwined with the

Bankruptcy Case.

4205-001 Doc# 92

4.      Jurisdiction of this matter is, therefore, proper in the Bankruptcy Court pursuant to 28 U.S.C. §1334(b) and (e).

**This Notice of Removal Has Been Timely Filed**

5.      The State Court Action was commenced on or about July 1, 2009, with the Clerk of the State Court with the filing of a Summons and Complaint.  A copy with exhibits is annexed as Exhibit "A."

6.      Capmark Finance, Inc. filed for Bankruptcy protection and relief in the United States Bankruptcy Court for the District of Delaware on October 25, 2009.

7.      Pursuant to Bankruptcy Rule 9027, Debtor has timely filed this Notice of Removal within the required time periods.

8.      A copy of this Notice of Removal will be filed with the Clerk of the State Court as required by Bankruptcy Rule 9027.

9.      Upon completion of removal of the State Court action, Defendants intend to seek an order transferring this case to the United States District Court for the District of Delaware, pursuant to 28 U.S.C. §1412 so that it can be heard by the court hearing the Capmark bankruptcy case.

**WHEREFORE**, Debtor files this Notice or Removal of this civil action from the Supreme Court of State of New York, County of Queens, and requests that said action stand so removed and transferred to the United States District Court for the Eastern District of New York.

Dated: New York, New York
January 22, 2010

Respectfully submitted,
**MEISTER SEELIG & FEIN LLP**

By: _____
Howard S. Koh (HK 4730)
2 Grand Central Tower
140 East 45th Street
New York, New York 10017
(212) 655-3500

*Counsel to 151-45 Sixth Road Whitestone Partners LLC, Bayrock Group, L.L.C., and GMUL Investment Company Ltd.*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------------------

CAPMARK FINANCE INC.,                                    X      Index No.: 17605/09

                 Plaintiff,                              :      Date of Purchase:

       - against –                                      :      Plaintiff designates Queens
                                 County as the place of trial

151-45 SIXTH ROAD WHITESTONE PARTNERS       :
LLC, a Delaware limited liability company, TEVFIK        Basis of venue:  CPLR § 507
ARIF, an individual, BAYROCK GROUP, L.L.C., a    :
New York limited liability company, GMUL                 **SUMMONS**
INVESTMENT COMPANY LTD., an Israeli              :
registered company, AKRF ENGINEERING, P.C., a
New York professional corporation, AKRF, INC., a     :
New York corporation, NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE          :
and JOHN DOES 1-10, the last ten names being
fictitious and unknown to plaintiff, the persons or       :
parties intended being the tenants, occupants, persons
or corporations, if any, having or claiming an interest    :
in or lien upon the premises described in the
complaint,                                               :

                 Defendants.                         X

------------------------------------------------------------------

TO THE ABOVE-NAMED DEFENDANTS:

       **YOU ARE HEREBY SUMMONED**  to answer the complaint in this action and to

serve a copy of your answer on Plaintiff's attorneys within 20 days of the service of this

summons, exclusive of the day of service (or within 30 days after service is complete if this

summons is not personally delivered to you within the State of New York); in case of your failure

to appear or answer, judgment will be taken against you by default for the relief demanded in the

2009 JUL -1 PM 3: 56

RECEIVED
QUEEN'S COUNTY CLERK

complaint.

Dated:   New York, New York
         July 1, 2009

                                        KELLEY DRYE & WARREN LLP

                                        By: _____
                                            Paul A. Keenan
                                            David Zalman
                                            101 Park Avenue
                                            New York, New York 10178
                                            (212) 808-7800

                                            *Attorneys for Plaintiff*
                                            *Capmark Finance, Inc.*

2

Defendants' addresses:

151-45 Sixth Road Whitestone Partners LLC
C/O National Registered Agents, Inc.
Suite 501
875 Avenue of the Americas
New York, New York 10001

Mr. Tevfik Arif
c/o Greenberg Traurig, LLP
One MetLife Building
200 Park Avenue
New York, New York 10166
Attention: Robert Ivanhoe

Bayrock Group, L.L.C.
18 Plum Beach Point Road
Port Washington, New York 11050

GMUL Investment Company LTD
c/o Greenberg Traurig, LLP
One MetLife Building
200 Park Avenue
New York, New York 10166
Attention: Robert Ivanhoe

AKRF Engineering, P.C.
440 Park Avenue South
New York, New York 10016

AKRF, Inc.
440 Park Avenue South
New York, New York 10016

New York State Department of Taxation and Finance
Attention:  Office of Counsel
Building 9, W.A. Harriman Campus
Albany, New York 12227

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---------------------------------------------------

CAPMARK FINANCE INC.,                                                X          Index No.:

                          Plaintiff,

           - against --

151-45 SIXTH ROAD WHITESTONE PARTNERS                                        **VERIFIED COMPLAINT**
LLC, a Delaware limited liability company, TEVFIK                            **FOR FORECLOSURE**
ARIF, an individual, BAYROCK GROUP, L.L.C., a                               **OF MORTGAGE**
New York limited liability company, GMUL
INVESTMENT COMPANY LTD., an Israeli
registered company, AKRF ENGINEERING, P.C., a
New York professional corporation, AKRF, INC., a
New York corporation, NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE
and JOHN DOES 1-10, the last ten names being
fictitious and unknown to plaintiff, the persons or
parties intended being the tenants, occupants, persons
or corporations, if any, having or claiming an interest
in or lien upon the premises described in the
complaint,

                     Defendants.                                X

---------------------------------------------------

     Plaintiff, by its attorneys, Kelley Drye & Warren LLP, complaining of defendants,
respectfully alleges upon information and belief as follows:

### Parties

     1.     Plaintiff, Capmark Finance Inc. ("Lender"), is a corporation organized and
existing under and by virtue of the laws of the State of California, having an office for the
transaction of business at 48 Wall Street, New York, New York.

     2.     Defendant, 151-45 Sixth Road Whitestone Partners LLC ("Borrower"), is a
limited liability company organized and existing under and by virtue of the laws of the State of
Delaware, having an office for the transaction of business at c/o Bayrock Group L.L.C., 423
West 55th Street, 12th Floor, New York, New York 10019.

3.    Defendant, Tevfik Arif ("Arif") is an individual and is the President and Chairman of the Bayrock Group, L.L.C. having an office for the transaction of business at c/o Bayrock Group L.L.C., 423 West 55th Street, 12th Floor, New York, New York 10019 and residing at 18 Plum Beach Point Road, Port Washington, New York.

4.    Defendant, Bayrock Group, L.L.C. ("Bayrock"), is a limited liability company, organized and existing under and by virtue of the laws of the State of New York, having an office for the transaction of business at 423 West 55th Street, 12th Floor, New York, New York 10019.

5.    Defendant, GMUL Investment Company LTD. ("GMUL") is a corporation organized and existing under and by virtue of the laws of the Country of Israel, trading on the Tel Aviv Stock Exchange under the symbol GMUL:IT, and having an office for the transaction of business at 23 Menahem Begin Road, Tel-Aviv, Israel 66189.

6.    Defendant, AKRF Engineering, P.C. is a professional corporation organized and existing under and by virtue of the laws of the State of New York, having an office for the transaction of business at 440 Park Avenue South, 7th Floor, New York, New York 10016.

7.    Defendant, AKRF, Inc. is a corporation organized and existing under and by virtue of the laws of the State of New York, having an office for the transaction of business at 440 Park Avenue South, 7th Floor, New York, New York 10016.

8.    John Doe #1 to John Doe #10 inclusive are made defendants herein as the last named persons or corporations, if any, having or claiming an interest in, or lien upon the Mortgaged Premises (as hereinafter defined).

2

9.      Venue is appropriate in Queens County pursuant to CPLR § 507. The property which forms the subject of this action is situated entirely within the Borough of Queens in the City of New York in the State of New York as set forth in Paragraph 12 below.

### AS AND FOR A FIRST CAUSE OF ACTION

10.      This cause of action is to simultaneously foreclose a first priority lien mortgage and a second priority lien mortgage which are both held by Plaintiff.

11.      On or about June 1, 2006, Borrower, as obligor, for the purpose of evidencing an indebtedness in the amount of $27,675,000, duly executed, acknowledged and delivered to Lender, as obligee, that certain Consolidated, Amended and Restated Promissory Note dated June 1, 2006 in the principal amount of $27,675,000 (the "Original Note").

12.      For the purpose of securing payment for said indebtedness, as more fully set forth in the Original Note, Borrower, as mortgagor, on or about June 1, 2006 duly executed, acknowledged and delivered to Lender, as mortgagee, a certain Consolidated, Amended and Restated Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing (the "First Mortgage"), a copy of which is hereto annexed and marked Exhibit "A" with the same force and effect as if set forth at length herein, wherein and whereby Borrower, as mortgagor, mortgaged to Lender, as mortgagee, all that certain real property and all buildings, structures and improvements on the premises having the following street addresses and tax lot designations, which mortgaged premises are more particularly described in said First Mortgage (collectively, the "Mortgaged Premises"):

| 151-37 Sixth Road, Whitestone, New York | Section 23, Block 4487, Lot 160 |
|---|---|
| 151-41 Sixth Road, Whitestone, New York | Section 23, Block 4487, Lot 169 |
| 151-45 Sixth Road, Whitestone, New York | Section 23, Block 4487, Lot 170 |

3

| N/A Sixth Road, Whitestone, New York | Section 23, Block 4487, Lot 200 |
| 6-45 152 Street, Whitestone, New York | Section 23, Block 4531, Lot 79 |
| 6-15 152 Street, Whitestone, New York | Section 23, Block 4531, Lot 92 |
| N/A 6 Road, Whitestone, New York | Section 23, Block 4524, Lot 77 |
| N/A 6 Road, Whitestone, New York | Section 23, Block 4524, Lot 92 |

The First Mortgage created a valid first priority lien on the Mortgaged Premises in favor of Plaintiff.

13.    The First Mortgage was duly recorded in the Office of the City Register of Queens County on August 1, 2006 at CRFN 2006000434887.

14.    The First Mortgage amended, restated, consolidated and combined into one mortgage, with one single first priority lien upon the Mortgaged Premises, various mortgages set forth in Exhibit A to the First Mortgage, the terms and provisions of which mortgages were amended, restated and consolidated in their entirety as set forth in the First Mortgage.  To the extent, if any, that such amended, restated and consolidated mortgages may be deemed to have a separate continuing existence or viability, this action, in the alternative, Plaintiff seeks to foreclose each mortgage and references in this Complaint to the First Mortgage shall be deemed to refer to each such mortgage.

15.    Any applicable recording tax was paid at the time of recording of the First Mortgage.

16.    The sums loaned pursuant to the Original Note and secured by the First Mortgage were made pursuant to a Loan Agreement dated June 1, 2006, entered into by and between Lender and Borrower.

4

17.   On or about November 21, 2006, at Borrower's request, Lender increased the amount of the indebtedness to Borrower, extended the maturity date thereof and made certain other modifications to the original loan.

18.   On or about November 21, 2006, Borrower, as obligor, duly executed, acknowledged and delivered to the Lender, as obligee, that certain Amended and Restated Promissory dated November 21, 2006 in the principal amount of $27,675,000, a copy of which is annexed and marked Exhibit "B" with the same force and effect as if set forth at length herein.

19.   The Amended and Restated Promissory Note set forth in Paragraph 18 above amended and restated the Original Note set forth in Paragraph 11 above in its entirety.

20.   On or about November 21, 2006, Borrower, as obligor, for the purpose of evidencing an additional indebtedness in the amount of $1,975,000, duly executed, acknowledged and delivered to Lender, as obligee, that certain Promissory Note dated November 21, 2006 in the principal amount of $1,975,000, a copy of which is annexed and marked Exhibit "C" with the same force and effect as if set forth at length herein.

21.   On or about November 21, 2006, Borrower, as obligor, for the purpose of evidencing an additional indebtedness in the amount of $2,270,000, duly executed, acknowledged and delivered to Lender, as obligee, that certain Promissory Note dated November 21, 2006 in the principal amount of $2,270,000, a copy of which is annexed and marked Exhibit "D" with the same force and effect as if set forth at length herein.

22.   For the purpose of securing payment for the additional indebtedness set forth in Paragraphs 20 and 21 above in the aggregate amount of $4,245,000, as more fully set forth in said instruments, the said obligor, Borrower, as mortgagor, on or about said date duly executed, acknowledged and delivered to said obligee, Lender, as mortgagee, a certain Mortgage,

5

Assignment of Rents and Leases, Security Agreement and Fixture Filing (the "Second Mortgage"), a copy of which is hereto annexed and marked Exhibit "E" with the same force and effect as if set forth at length herein, wherein and whereby said obligor, Borrower, as mortgagor, mortgaged to said obligee, Lender, as mortgagee, the Mortgaged Premises. The Second Mortgage created a valid second priority lien on the Mortgaged Premises in favor of Plaintiff.

23. The Second Mortgage was duly recorded in the Office of the City Register, Queens County on November 28, 2006 at CRFN 2006000657003.

24. Any applicable recording tax was paid at the time of recording of the Second Mortgage.

25. The Original Note, as amended and restated in its entirety by the Amended and Restated Note dated November 21, 2006 in the principal amount of $27,675,000, together with the Promissory Note dated November 21, 2006 in the principal amount of $1,975,000 and the Promissory Note dated November 21, 2006 in the principal amount of $2,270,000, are collectively referred to hereinafter as the "Note".

26. The First Mortgage and the Second Mortgage are collectively referred to hereinafter as the "Mortgage".

27. The sums loaned by Lender pursuant to the Note in the aggregate principal amount of $31,920,000 (the "Loan") and secured by the Mortgage were made pursuant to that certain Amended and Restated Loan Agreement dated November 21, 2006, entered into by and between Lender and Borrower, a copy of which loan agreement is annexed hereto as Exhibit "F" with the same force and effect as if set forth at length herein. The Amended and Restated Loan Agreement dated November 21, 2006 amended and restated in its entirety the Loan Agreement set forth in Paragraph 16 above.

6

28.    On or about June 9, 2008, Borrower and Lender duly executed, acknowledged and delivered to each other that certain First Amendment to Amended and Restated Loan Agreement dated as of June 9, 2008, a copy of which First Amendment is annexed hereto as Exhibit "G" with the same force and effect as if set forth at length herein, which First Amendment, among other things, extended the maturity date of the Loan until June 30, 2008.

29.    On or about July 9, 2008, Borrower and Lender duly executed, acknowledged and delivered to each other that certain Second Amendment to Amended and Restated Loan Agreement dated as of July 9, 2008, a copy of which Second Amendment is annexed hereto as Exhibit "H" with the same force and effect as if set forth at length herein, which Second Amendment, among other things, further extended the maturity date of the Loan until December 9, 2008 and granted Borrower one option to extend the maturity date for an additional six-month period until June 9, 2009. Borrower purported to exercise its option to extend the maturity date of the Loan until June 9, 2009 (the "Maturity Date").

30.    The Loan Agreement dated June 1, 2006 as set forth in Paragraph 16 above, as amended and restated in its entirety by the Amended and Restated Loan Agreement dated November 21, 2006 as set forth in Paragraph 27 above, as amended by the First Amendment to Amended and Restated Loan Agreement dated as of June 9, 2008 as set forth in Paragraph 28 above, and as further amended by the Second Amendment to Amended and Restated Loan Agreement dated as of July 9, 2008 as set forth in Paragraph 29 above, are collectively referred to hereinafter as the "Loan Agreement".

31.    Plaintiff is the owner and holder of the Note, the Mortgage, and the Loan Agreement.

32.    The Borrower has failed to comply with the terms and provisions of the Note, Mortgage and the Loan Agreement by failing and omitting to pay the monthly payments due to Lender on the Loan each of which became due on February 9, 2009 through and including May 9, 2009.

33.    The Borrower has further failed to comply with the terms and provisions of the Note, Mortgage and the Loan Agreement by failing and omitting to pay the entire principal balance of the Loan and all interest accrued thereon as of the Maturity Date of the Loan on June 9, 2009.

34.    Pursuant to a letter dated May 21, 2009, Plaintiff duly demanded from Borrower payment of the amount then owing on the Note and the Mortgage.  The following amounts are due and owing on the Note and the Mortgage as of June 23, 2009, no part of which has been paid by Borrower:

| | |
|---|---:|
| Outstanding Principal Balance | $30,217,730.94 |
| Regular Interest (2/9/09 to 6/22/09) | $861,717.98 |
| Default Interest (2/10/09 to 6/22/09) | $536,987.78 |
| Late Charges | $43,085.90 |
| Origination Fee | $159,600.00 |
| Loan Expenses | $36,798.28 |
| **June 23, 2009 Demand Amount:** | **$31,855,920.88** |

35.    Each of the above-named defendants has or claims to have or may claim to have some interest in or lien upon said Mortgaged Premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of the Mortgage.

8

36.   The following instruments appear of record which affect the Mortgaged Premises, which instruments are subordinate to the lien of the Mortgage:

(i)    Mechanics Lien Claim:  Filed against the Mortgaged Premises by AKRF Engineering, P.C. on June 18, 2009 with Index Number ML723/09 in the Offices of the County Clerk of the County of Queens, New York, in the amount of $82,173.09.

(ii)   Mechanics Lien Claim:  Filed against the Mortgaged Premises by AKRF, Inc. on June 18, 2009 with Index Number ML724/09 in the Offices of the County Clerk of the County of Queens, New York, in the amount of $11,016.72.

37.   No persons other than Borrower have, may have or claim to have any interest in or lien upon the Mortgaged Premises that is superior to Plaintiff's interest in or lien upon the Mortgaged Premises.

38.   NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE is joined as a necessary party defendant in order to bar and foreclose said defendant from any right, title or interest which it may claim in the Mortgaged Premises solely by virtue of any possible New York corporate franchise taxes as may be due from defendants.

39.   No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of the Mortgage or for recovery of the said sums secured by the Note and Mortgage or any part thereof within the prohibition of §1301 of the Real Property Action and Proceedings Law.

40.   Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said Mortgaged Premises should be sold subject to the following:

(a)    Any state of facts that an inspection of the premises would disclose.

(b)    Any state of facts that an accurate survey of the premises would show.

(c)    Covenants, restrictions, easements and public utility agreements of record, if any.

9

(d)     Building and zoning ordinances of the municipality in which the Mortgaged Premises are located and possible violations of same.

(e)     Any rights of tenants or persons in possession of the subject premises.

(f)     Any equity of redemption of the United States of America to redeem the premises within 120 days from the date of sale.

(g)     Prior lien(s) of record, if any.

(h)     Transfer taxes to be paid by any foreclosure sale purchaser.

41.     In the event that Plaintiff possesses any other lien(s) against said Mortgaged Premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

42.     Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.


## AS AND FOR A SECOND CAUSE OF ACTION

43.     Plaintiff repeats, reiterates and realleges each and every of the allegations contained in paragraphs 1 through 42 of this Complaint both inclusive.

44.     This cause of action is to foreclose the Mortgage and the Loan Agreement insofar as they constitute security agreements under the Uniform Commercial Code of the State of New York ("UCC").

45.     In the Mortgage and the Loan Agreement, as security for the payment and performance of its obligations, including the obligation to repay the loan, the Borrower granted

10

to the Lender a security interest in all of the Borrower's personal property (the "Personal Property") including all fixtures, personal property, condemnation awards or insurance proceeds, deposit accounts, books, records, approvals, contracts, leases relating to the Mortgaged Premises and all rents, income, profits and revenues resulting from the Mortgaged Premises.

46.     In order to further collaterally secure the obligations to Lender hereinbefore set forth, Borrower, duly executed, acknowledged and delivered to Lender that certain UCC-1 Financing Statement dated June 1, 2006, a copy of which is annexed hereto as Exhibit "I" with the same force and effect as if set forth at length herein, and which UCC-1 Financing Statement was duly filed in the Office of the City Register of Queens County on August 3, 2006 at CRFN 2006000438320 and filed in the Office of the Secretary of State of the State of Delaware on October 16, 2006 pursuant to filing number 63584919.

47.     The Mortgage constitutes a financing statement recorded as a fixture filing under the UCC with respect to any and all fixtures included in the Mortgaged Premises.

48.     For the reasons set forth above, the Borrower has defaulted under the Note, Mortgage and Loan Agreement and Plaintiff is now entitled to take possession of the Personal Property and fixtures and to receive the proceeds from their sale toward satisfaction of the Borrower's indebtedness or to have the Personal Property and the fixtures deemed part of the Mortgaged Premises upon foreclosure and sale thereof, without waiver of any of Plaintiff's other rights and remedies.

## AS AND FOR A THIRD CAUSE OF ACTION

49.     Plaintiff repeats, reiterates and realleges each and every of the allegations contained in paragraphs 1 through 48 of this Complaint both inclusive.

50. This cause of action is to enforce the terms of a guaranty against defendants, Arif, Bayrock, and GMUL.

51. In order to further collaterally secure the obligations to Lender hereinbefore set forth, defendants, Arif, Bayrock and GMUL duly executed, acknowledged and delivered to Lender that certain Guaranty dated June 1, 2006, a copy of which is annexed hereto as Exhibit "J" with the same force and effect as if set forth at length herein.

52. In order to further collaterally secure the obligations to Lender hereinbefore set forth, on November 21, 2006, defendants, Arif, Bayrock and GMUL duly executed, acknowledged and delivered to Lender, that certain Reaffirmation of Guaranty dated November 21, 2006, a copy of which is annexed hereto as Exhibit "K" with the same force and effect as if set forth at length herein. The Guaranty set forth in Paragraph 51 above, as reaffirmed by the Reaffirmation of Guaranty set forth in this Paragraph are collectively referred to hereinafter as the "Guaranty".

53. Plaintiff is the owner and holder of the Guaranty.

54. Pursuant to Section 5.08 and Section 5.09 of the Guaranty, defendants, Arif and GMUL have consented to and submitted to personal jurisdiction in the State of New York and have waived all rights to object to jurisdiction within the State of New York.

55. Section 12.03(h) and Section 11.04 of the Loan Agreement state that the Borrower shall be personally liable for all enforcement costs of this action, including, without limitation, any title insurance policies obtained by Lender, and that such amounts shall be added to the principal amount owed under the Loan and shall bear interest at the default rate of interest. Section 12.03(h) of the Loan Agreement also states that the Borrower shall be personally liable for any real estate or other transfer tax incurred to transfer title to the Mortgaged Premises in

connection with any foreclosure, deed in lieu of foreclosure or non-judicial sale of the Mortgaged Premises following the occurrence of an Event of Default.

56.     Pursuant to the Section 2.01 of the Guaranty, Arif, Bayrock and GMUL are jointly, severally and personally liable for all obligations and liabilities of Borrower for which Borrower is personally liable, including the enforcement costs of this action and any real estate or other transfer tax as set forth in Paragraph 55 above.

## AS AND FOR A FOURTH CAUSE OF ACTION

57.     Plaintiff repeats, reiterates and realleges each and every of the allegations contained in paragraphs 1 through 56 of this Complaint both inclusive.

58.     This cause of action is for breach of the terms of an environmental indemnity agreement from Borrower, Arif, Bayrock and GMUL.

59.     In order to further collaterally secure the obligations to Lender hereinbefore set forth, Borrower, Arif, Bayrock and GMUL duly executed, acknowledged and delivered to Lender that certain Environmental Indemnity Agreement dated June 1, 2006, a copy of which is annexed hereto as Exhibit "L" with the same force and effect as if set forth at length herein.

60.     In order to further collaterally secure the obligations to Lender hereinbefore set forth, on November 21, 2006, Borrower, Arif, Bayrock and GMUL duly executed, acknowledged and delivered to Lender, that certain Reaffirmation of Environmental Indemnity Agreement dated November 21, 2006, a copy of which is annexed hereto as Exhibit "M" with the same force and effect as if set forth at length herein.  The Environmental Indemnity Agreement set forth in Paragraph 59 above, as reaffirmed by the Reaffirmation of Environmental

13

Indemnity Agreement set forth in this Paragraph are collectively referred to hereinafter as the "Environmental Indemnity Agreement".

61.      Plaintiff is the owner and holder of the Environmental Indemnity Agreement.

62.      Pursuant to Section 6.08 and Section 6.09 of the Environmental Indemnity Agreement, defendants, Arif and GMUL have consented to and submitted to personal jurisdiction in the State of New York and have waived all rights to object to jurisdiction within the State of New York.

63.      Pursuant to the terms of the Environmental Indemnity Agreement, Borrower was obligated to complete the remediation of the hazardous materials at the Mortgaged Premises.

64.      Borrower has failed to complete the remediation of the hazardous materials at the Mortgaged Premises.

65.      Pursuant to the terms of the Environmental Indemnity Agreement, Borrower was to share with Lender all reports, results and correspondence related to the environmental remediation at the Mortgaged Premises.

66.      Borrower has failed to share all reports, results and correspondence related to the environmental remediation at the Mortgaged Premises with Lender.

67.      Pursuant to Section 4.01 of the Environmental Indemnification Agreement, defendants, Borrower, Arif, Bayrock and GMUL are jointly, severally and personally liable for all losses incurred by Lender relating to the completion of the environmental remediation and the presence of hazardous materials at the Mortgaged Premises and for the material breach of the terms of the Environmental Indemnity Agreement and for all costs of enforcement of the Environmental Indemnity Agreement.

68.    As a result of the breach of contract of defendants, Borrower, Arif. Bayrock and

GMUL, in failing to comply with the terms of the Environmental Indemnity Agreement, Plaintiff

has suffered damages in an amount to be proved.

### AS AND FOR A FIFTH CAUSE OF ACTION

69.    Plaintiff repeats, reiterates and realleges each and every of the allegations

contained in paragraphs 1 through 68 of this Complaint both inclusive.

70.    Pursuant to §3001 of the Civil Practice Law and Rules, the dispute set forth in the

Fourth Cause of Action above constitutes a justiciable controversy and Plaintiff is entitled to a

declaratory judgment that Borrower, Arif, Bayrock and GMUL have failed to comply with the

terms of the Environmental Indemnity Agreement and are liable to Plaintiff for any damages

Plaintiff suffers as a result thereof.

WHEREFORE, the Plaintiff demands judgment as follows:

(A)    on the First Cause of Action, a judgment

(1)    appointing a receiver to take custody and possession of the Mortgaged

Premises during the pendency of this action with the usual powers and duties; and

(2)    declaring that the defendants and each of them and all persons claiming

under them or any of them, subsequent to the commencement of this action and the filing

of a notice of pendency thereof, be barred and foreclosed of and from all estate, right,

title, interest, claim, lien and equity of redemption of, in and to the Mortgaged Premises

and each and every part and parcel thereof; and

(3)    declaring that the First Mortgage and the Second Mortgage be

consolidated so that both the First Mortgage and the Second Mortgage can be sold at

once, or in the alternative, that the Second Mortgage proceed to sale initially, with foreclosure of the First Mortgage immediately thereafter; and

(4)    directing that the Mortgaged Premises be sold according to law, subject to the terms set forth in Paragraph 40 of this Complaint and that the monies arising from the sale thereof may be brought into Court; that all of the mortgaged property, to wit the real property described in the First Cause of Action and all of the items of personal property described in the Second Cause of Action, shall first be offered as one parcel, and then the real estate described in the First Cause of Action shall be offered as one separate parcel, and the items of personal property described in the Second Cause of Action shall each be offered as a separate parcel; that the sale shall be consummated for whatever amount or amounts shall result in the highest aggregate purchase price; and that the defendants shall surrender possession to the purchaser or purchasers of all items of property sold at the foreclosure sale; and

(5)    awarding to Plaintiff from such moneys, the amounts due on the Note and Mortgage as hereinbefore set forth, plus the expenses of such sale, together with interest, default interest and late charges to the time of such payment, exit fees, the costs, allowances and disbursements of this action, including Plaintiff's reasonable attorneys' fees, and together with any sums or losses incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this Complaint, or to protect the lien of Plaintiff's mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; and

16

(6)     declaring that the Borrower may be adjudged to pay the whole residue, or so much thereof as the Court may determine to be just and equitable, of the debt or losses remaining unsatisfied after a sale of the Mortgaged Premises and the application of the proceeds pursuant to the directions contained in such judgment, together with accrued and unpaid interest and late charges on such amount, plus the reasonable costs and expenses incurred by Plaintiff in collecting such amounts (including without limitation, attorneys' fees and costs); and

(7)     declaring that in the event that Plaintiff possesses any other lien(s) against said Mortgaged Premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings; and

(B)     On the Second Cause of Action, a judgment declaring that the defendants and each of them and all persons claiming under them or any of them, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the items of personalty covered by the Mortgage and Loan Agreement; that the monies arising from the sale thereof may be brought into Court; that the Plaintiff may be paid the amount due on the Note, the Mortgage and the Loan Agreement hereinbefore set forth with interest to the time of such payment and the expenses of such sale; together with reasonable attorney's fees and the legal and other expenses for pursing searching for, receiving, taking, keeping, storing, advertising and selling the items of Personal Property covered by the Mortgage and Loan Agreement; together with any monies

17

advanced and paid by Plaintiff to protect the rights of Plaintiff in and to said Personal Property covered by the Mortgage and the Loan Agreement with interest upon said amounts from the dates of respective payments and advances thereof so far as the amount of such monies properly applicable thereto will pay the same; and that the defendants be directed to surrender possession of the items of Personal Property to the purchaser at the foreclosure sale;

(C)   On the Third Cause of Action, a judgment against defendants, Arif, Bayrock and GMUL for damages in an amount to be proved in accordance with the Real Property Actions and Proceedings Law, and as more fully set forth in Paragraphs 49 through 56 of this Complaint.

(D)   On the Fourth Cause of Action, a judgment against defendants, Borrower, Arif, Bayrock and GMUL for damages in an amount to be proved, and as more fully set forth in Paragraphs 57 through 68 of this Complaint.

(E)   On the Fifth Cause of Action, a judgment declaring defendants, Borrower, Arif, Bayrock and GMUL personally liable for any damages that may be incurred by Plaintiff after the period covered by the Fourth Cause of Action above, and as more fully set forth in Paragraphs 69 and 70 of this Complaint.

(F)   awarding to Plaintiff such other and further relief as may be just and equitable.

Dated: New York, New York
       June 30, 2009

KELLEY DRYE & WARREN LLP

By: _____
    Paul A. Keenan
    David Zalman

101 Park Avenue
New York, New York  10178
Tel. – (212) 808-7800
Fax – (212) 808-7897

*Attorneys for Plaintiff*
*Capmark Finance, Inc.*

19

STATE OF NEW YORK          )
                           )    ss.:
COUNTY OF NEW YORK         )

    Chris Nielsen, being duly sworn, deposes and says that he is a Vice President of Plaintiff,

Capmark Finance Inc. ("Capmark"); that he has read the foregoing verified Complaint and

knows the contents thereof; that the same is true of his own knowledge, except as to the matters

therein stated to be alleged upon information and belief, and as to those matters, he believes them

to be true; and that the reason this verification is made by him and not by Capmark is that

Capmark is a corporation and deponent is an officer thereof as hereinabove stated.

                                            Chris Nielsen

Sworn to before me this

___ day of ____ June ___ 2009

Notary Public

MARIA LOURDES LIBAN
Notary Public, State of New York
No. 01LI6196822
Qualified in New York County
Term Expires November 17, 2012